STATE v. SANDERS.

1. WITNESS—CONTRADICTION.—When a witness on cross-examination does not deny an alleged statement, but on the redirect admits such facts as amount to a denial, he may be contradicted.

2. FARMER—LABORER—MASTER AND SERVANT—PARTNERSHIP.—A laborer making a crop on the premises of a farmer under verbal contract, under his direction, for a part of the crop raised, is a laborer and not a partner of the farmer. Following *Daniel* v. *Swearengen*, 6 S. C., 297, and *Huff* v. *Watkins*, 18 S. C., 510.

3. IBID.—IBID.—LARCENY.—A laborer making a crop with a farmer for a part thereof, commits larceny when he takes and carries away a portion of said crop with intent to steal it.

4. JURIES—VERDICT—JUDGE.—When there is any testimony on the issues, the Judge cannot direct a verdict.

Before ALDRICH, J., Abbeville, January, 1898   Affirmed.

Indictment for grand larceny against Isaac Sanders. At close of evidence for prosecution, defendant's attorneys moved the Court to direct a verdict of not guilty: 1st. For the entire lack of identification of the bale of cotton. 2d. That the contract between these two men was a contract of partnership.

The Court: In regard to the motion as to whether or not the cotton was identified, that raises a question entirely of fact for the jury, and the identity by marks or weights, etc., is for the jury. There is testimony to go to the jury. I will charge them the law as to larceny, but there is certainly

some testimony there, and I could not take that away from the jury.

From verdict of guilty and sentence, defendant appeals.

*Messrs. Graydon & Graydon,* for appellant, cite: *Witness cannot be contradicted unless he deny statement:* 43 S. C., 205. *Contracts with laborers for portion of crop must be in writing:* 8 S. C., 63; 20 S. C., 6; 32 S. C., 123. *Rule laid down in 1 Hill, 364, abrogated by Statute.*

*Solicitor Ansel,* contra (oral argument).

July 7, 1898. The opinion of the Court was delivered by

MR. JUSTICE POPE. Isaac Sanders, having been convicted of grand larceny and duly sentenced therefor, has appealed from said judgment.

The first question raised by the appeal relates to the ruling made by the Circuit Judge, when the defendant's attorney objected to the testimony of the prosecutor in relation to the statement made by Sam Pace, the day after the defendant was arrested, to the prosecutor, that he, Sam Pace, saw the defendant, Isaac Sanders, at Donalds on the 28th October, 1897, and that said Sanders showed to him $28, two $10 bills, one $5 bill, and three $1 in silver. While Sam Pace, the witness, was on the stand, the solicitor pressed the inquiry upon him as to such statement made to Mr. Winn in the presence of Jim Knight. The witness would not deny the statement attributed to him, but when the defendant's attorney examined him, he stated that he had not seen Isaac Sanders have any money at Donalds on the day in question. Therefore, we think, when Mr. Winn was called to the witness stand, it was competent for him to testify as to what Sam Pace told him in regard to the money Isaac Sanders had in his possession at Donalds on the day in question, for it thus became necessary to test Sam Pace's credibility. *State* v. *Sullivan,* 43 S. C., 205.

The next question is, did the Circuit Judge err when he

refused to charge: "That, under the laws of this State, a verbal contract by which a person agrees to work for a portion of the crop is a contract of partnership, and makes such person a joint owner of the crop with the landlord." The contract between Mr. Winn, the landlord, and the laborer, the appellant, was a verbal contract. There is no evidence that either party to it desired it to be reduced to writing. If the contract had been in writing, then our statutory provisions governing such cases would have prevailed. But this Court, in *Daniel* v. *Swearengen*, 6 S. C., 297, held that under the common law it was perfectly legal to contract for agricultural labor—that is, service at agriculture—without any writing, and that the power to contract under the common law existed independently of the power to contract for such service in writing. So, also, in *Huff* v. *Watkins*, 18 S. C., 510, it was held that such contract for labor under the common law might exist when the compensation to the laborer was part of the crop. It is true, both of those cases related to the right of action of the master for enticing, by a third person, his servant. But it is impossible to accept the decisions in those cases if the master and servant were esteemed copartners, for how can any right of action exist in the master if the laborer, enticed from his employ by a third party, was his partner? It is too late in the day to question those cases, as the community must be supposed to have acted upon them as valid interpretations of the true relation between a master and his servant, who is to be paid as compensation for his labor a part of the crop. This exception is overruled.

The next exception, relating as it does to the charge of the Judge, embodying therein the principles announced in *Daniel* v. *Swearengen*, *supra*, and *Huff* v. *Watkins*, *supra*, cannot be sustained, for the reasons already given.

The exception relating to the charge of the Judge, as follows: "I charge you that if a laborer steals any part of the crop prior to the division, that he can be indicted for larceny; and if the testimony establishes the fact

that he did take and carry away a portion of the crop with that intent, if that is established beyond a reasonable doubt, he can be convicted on that charge," will be now considered. If it is competent for the master to contract with his servant to pay him for his services by a part of the crop, we see no reason for stating that the master is not the owner of the crop, and no specific crop or specific part thereof is vested in the servant. Nor is it different from a contract providing that the master, when. he sells the crops, will pay the laborer two-dollars out of every five dollars realized from the sale of such crop. The principle is the same in each case. And this being so, there was no error by the Judge in the matter here under consideration.

In the next exception the appellant complains that the Circuit Judge followed the law laid down in *Daniels* v. *Swearengen*, *supra*, and *Huff* v. *Watkins*, *supra*, but we have held that there was no error when the Circuit Judge held that the common law still regulated those contracts between master and servant which were not reduced to writing.

The next exception raises no practical question, for it makes no difference what theoretical · opinions the Circuit Judge may hold as to the power to uproot the common law by statute law. No such question was raised in this case, and, therefore, we will not discuss it.

The last two exceptions refer to the refusal of the Circuit Judge to order a verdict of not guilty, because the appellant alleges that there was no testimony to identify the cotton sold to Mr. Agnew as the cotton stolen from the prosecutor, and because the appellant alleges there was a partnership between the prosecutor and the appellant as to the bale of cotton. We do not understand that under the law as it now exists, whereby a Circuit Judge is prevented from passing on the testimony, so far as the jury is concerned, he can direct what verdict the jury shall render. But, apart from this, we cannot interfere. And as to the matter of partnership in the bale of cotton between

Mr. Winn and the appellant, we have herein expressed our opinion, that in the law no partnership existed. It follows, therefore, that these exceptions must all be overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.